Nos. 13-17102, 13-17154

IN THE

# United States Court of Appeals For The Ninth Circuit

_____

FACEBOOK, INC.
              *Plaintiff-Appellee,*

v.

STEVEN SURAJ VACHANI,
              *Defendant-Appellant.*

_____

FACEBOOK, INC.
              *Plaintiff-Appellee,*

v.

POWER VENTURES, INC. AND STEVEN SURAJ VACHANI,
              *Defendants-Appellants.*

_____

Appeal from the United States District Court
for the Northern District of California
Case No. 5:08-cv-5780-LHK, Honorable Lucy Koh

---

### REPLY IN SUPPORT OF
### MOTION TO CONSOLIDATE APPEALS

---

| | |
|---|---|
| I. Neel Chatterjee | Eric A. Shumsky |
| Monte M.F. Cooper | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| Robert L. Uriarte | 1152 15th Street, N.W. |
| ORRICK, HERRINGTON & SUTCLIFFE LLP | Washington, DC 20005-1706 |
| 1000 Marsh Road | (202) 339-8400 |
| Menlo Park, CA 94025-1015 | |

*Counsel for Plaintiff-Appellee*

Plaintiff-Appellee Facebook, Inc. respectfully reiterates its request that the Court consolidate the appeals in case numbers 13-17102 and 13-17154. Both appeals arise out of the same lawsuit, and in their opposition, Defendants-Appellants Power Ventures, Inc. and Steven Vachani (Power's CEO) have offered no good reason not to consolidate them.

As we noted previously, both appeals concern the same litigation, and arise out of the same final judgment. Motion at 2 (Dkt. 12 in No. 13-17154). Indeed, this probably ought to be a single appeal; there is serious question whether two appeals are even permissible, given that Vachani joined both notices of appeal, and is the sole appellant in one. Defendant-Appellants now dispute that the appeals arise out of the same final judgment, *see* Opp'n at 3-4 (Dkt. 13 in No. 13-17154), but they are simply mistaken. Their reasoning seems to be that the 13-17102 appeal arises out of a sanctions order whereas the 13-17154 appeal concerns the liability determination. *See id.* But the sanctions order and the liability determination both merged into the same final judgment that is the appealable order here—as this Court already recognized when it dismissed Vachani's interlocutory appeal as jurisdictionally barred. *See* Dkt. 8 in No. 13-16795.

Next, they argue, consolidating the appeals "will result in needless complexity on appeal with little savings of time and costs." Opp'n at 3. But it is hard to see how this is so. This Court will need to resolve both appeals; the only

1

question is whether a single panel will reap the efficiency gains of deciding them together, or if instead separate panels of this Court will be called upon to separately resolve these issues that arise out of a single piece of litigation. Consolidation promises the possibility of increased efficiency and comes with no downside.

In addition, Defendants-Appellants assert that there is no need to understand the district court litigation here in order to appreciate the sanctions award. *Id.* at 4-5. But a sanctions order is assessed in light of the misconduct's effect on the litigation—and that is no less true when, as appears to be true here, the sanctions order is appealed on the theory that the individual who engaged in the misconduct (Vachani) shouldn't be held individually liable for it. Confirming the overlap between the sanctions and merits issues, Vachani also has argued that he should not be held individually liable for the merits judgment.

Finally, Defendants-Appellants assert multiple times that they would be "prejudiced," "adversely affected," or "burdened" by consolidation. *E.g.*, Opp'n at 3, 5. But they do not explain why this is so, and no prejudice is apparent. At times, Defendants-Appellants suggest that the panel would be "burdened or distracted" (*id.* at 5) by having to consider more than one issue; we trust that that fear is misplaced. Elsewhere, they seem to worry that consolidation would prevent them from filing separate briefs. *E.g.*, *id.* at 3, 5-6 (requesting, in the alternative, "to file a separate brief"). But consolidation does not ordinarily foreclose litigants

2

from filing separate briefs; this Court's rules only "encourage" the filing of joint briefs by separately represented litigants. *See* Ninth Cir. R. 28-4 & Advisory Comm. Note. And, to the extent Defendants-Appellants want an extension in order to align the briefing schedules in the two cases, *see, e.g.*, Opp'n at 5 (asking for an "expanded briefing schedule"), Facebook has no objection, as it previously informed opposing counsel.

## **CONCLUSION**

For the foregoing reasons, and those set forth in Facebook's initial motion, these appeals should be consolidated. At a minimum and in the alternative, the cases should be set on the same briefing schedule and argued (should oral argument be ordered) before the same panel of this Court on the same day.

Respectfully submitted,

Dated: January 2, 2014    ORRICK, HERRINGTON & SUTCLIFFE LLP

*/s/ Eric A. Shumsky*
Eric A. Shumsky
Attorneys for Plaintiff-Appellee

# **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on January 2, 2014.

I certify that all participants in the case who are registered CM/ECF users will receive service through the appellate CM/ECF system, and that all other parties who are not registered CM/ECF users have been served in accordance with the Federal Rules of Appellate Procedure.

*/s/ Eric A. Shumsky*
Eric A. Shumsky
Attorneys for Plaintiff-Appellee
