**ORAL ARGUMENT SCHEDULED FOR DECEMBER 9, 2015**

Nos. 13-17154, 13-17102

_____

**UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**
_____

FACEBOOK, INC., a Delaware corporation,

*Plaintiff-Appellee*,

v.

POWER VENTURES, INC., a Cayman Island corporation; STEVEN SURAJ VACHANI, *pro se*, an indvidual,

*Defendants-Appellants*.

_____

Appeal from the United States District Court
for the Northern District of California, San Francisco
in Case No. 5:08-cv-05780-LHK, Hon. Lucy Koh, District Judge
_____

**MOTION OF *AMICUS CURIAE* ELECTRONIC FRONTIER FOUNDATION FOR LEAVE TO PARTICIPATE IN ORAL ARGUMENT**
_____

Jamie L. Williams
jamie@eff.org
Cindy Cohn
ELECTRONIC FRONTIER
FOUNDATION
815 Eddy Street
San Francisco, CA 94109
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

*Counsel for Amicus Curiae
Electronic Frontier Foundation*

Pursuant to Federal Rule of Appellate Procedure 29(g), *Amicus Curiae* Electronic Frontier Foundation ("EFF") respectfully moves this Court for leave to participate in oral argument in this case. *Amicus* requests that it be allotted 10 minutes of argument time, not taken from any party. Counsel for Defendant-Appellant Power Ventures, Inc. ("Power") and *pro se* Defendant-Appellant Steve Vachani both consent to *Amicus'* motion to participate in oral argument. Counsel for Plaintiff/Appellee Facebook, Inc. ("Facebook") does not object to *Amicus* participating in oral argument, provided that *Amicus* shares argument time with Defendants-Appellants, and opposes granting *Amicus* additional time.

*Amicus'* participation in oral argument is warranted for two reasons:

First, in its brief, *Amicus* offered alternative grounds for reversing the district court's decision to grant summary judgment on Facebook's Computer Fraud and Abuse Act ("CFAA") and California Penal Code § 502 claims. Specifically, at issue in this appeal is whether avoiding an IP address block automatically—without further examination—constitutes circumvention of a technological access barrier for purposes of the CFAA and § 502. The district court found that it did. 1-ER 60–63.[1] This decision was in error. The mere circumvention of an IP block, without more, is not

---

[1] "1-ER" refers to Volume 1 of Power's Excerpts of Record.

enough to state a claim under either the CFAA or § 502. As *Amicus* explained in both the district court proceedings and its brief filed with this Court, avoiding an IP address block is a common technical measure. Making it a basis for liability would cast a legal cloud over a wide range of legitimate activities, such as the use of a virtual private network ("VPN") or proxy server, which can be used to change the IP address a user appears to connect from for purposes of protecting privacy, enabling safe and secure network connections, or improving connectivity with an online service.

Moreover, IP address blocks can be used to enforce either access restrictions *or* use restrictions (*e.g.,* terms of service), and this Court has held that violations of use restrictions do not constitute access "without authorization" or "exceed[ing] authorized access" for purposes of the CFAA. *See United States v. Nosal*, 676 F.3d 854, 863–64 (9th Cir. 2012) (en banc) (holding that "exceeds authorized access" for purposes of the CFAA "is limited to violations of restrictions on access to information, and not restrictions on its use"); *see also WEC Carolina Energy Solutions LLC v. Miller*, 687 F.3d 199, 206 (4th Cir. 2012) (adopting a narrow reading of the terms "without authorization" and "exceeds authorized access").

The district court nonetheless chose not to consider whether or not Facebook was seeking to restrict use, as opposed to access. 1-ER 83. Had it

done so, it would have found that there are disputed issues of material fact as to whether Power violated the law. This Court should overrule the district court's decision to grant Facebook's motion for summary judgment as to these claims and direct the court below to examine whether or not Facebook's restrictions were use restrictions, as opposed to access restrictions.

Second, *Amicus* brings to this case extensive background in cases involving application of the CFAA and state computer crime laws, such as § 502, to the Internet and other new technologies. *Amicus* has a deep understanding of the far-reaching implications of the overbroad application of these laws and, as an advocate for technology users, has an interest in encouraging their principled and fair application. *Amicus* has served as counsel or *amicus curiae* in various cases addressing the CFAA and/or state computer crime laws, including not only this case but also *United States v. Nosal*, 676 F.3d 854 (9th Cir. 2012) (en banc) (amicus); *United States v. Auernheimer*, 748 F.3d 525 (3d Cir. 2014) (appellate co-counsel); *United States v. Cioni*, 649 F.3d 276 (4th Cir. 2011) (amicus); *Craigslist, Inc. v. 3Taps, Inc.*, 964 F. Supp. 2d 1178 (N.D. Cal. 2013) (amicus); *United States v. Drew*, 259 F.R.D. 449 (C.D. Cal. 2009) (amicus); and three pending cases: *United States v. Nosal*, Nos. 14-10037 & 14-10275 (9th Cir.)

(decision pending) (amicus); *United States v. Valle*, No. 14-4396-cr (2nd Cir.) (decision pending) (amicus); and *Oregon v. Nascimento*, No. SC N005211 (Or. S. Ct.) (decision pending) (amicus) (addressing the scope of Oregon's computer crime law, Oregon Revised Statutes § 164.377).

Given this experience, *Amicus* is uniquely positioned to provide this Court with a broader perspective and expertise than that of the parties on issues central to this case—including the broad implications of a ruling that imposes CFAA or § 502 liability on the basis of merely avoiding an IP address block.

Dated: November 3, 2015   Respectfully submitted,

*/s/ Jamie L. Williams*
Jamie L. Williams
Cindy Cohn
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
Phone: (415) 436-9333
Fax: (415) 436-9993
jamie@eff.org

*Counsel for Amicus Curiae
Electronic Frontier Foundation*

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2015, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

DATED: November 3, 2015      By: */s/ Jamie L. Williams*
                                                   Jamie L. Williams