**ORAL ARGUMENT SCHEDULED FOR DECEMBER 9, 2015**

No. 13-17102, 13-17154

IN THE

# United States Court of Appeals
# For The Ninth Circuit

_____

FACEBOOK, INC.,
    *Plaintiff-Appellee*,

v.

POWER VENTURES, INC.
&
STEVEN SURAJ VACHANI, ET AL.,
    *Defendants-Appellants*.

_____

Appeal from the United States District Court
for Northern California
Case No. 5:08-cv-05780-LHK, The Honorable Lucy Koh

---

**PLAINTIFF-APPELLEE FACEBOOK'S PARTIAL OPPOSITION TO MOTION OF *AMICUS CURIAE* ELECTRONIC FRONTIER FOUNDATION FOR LEAVE TO PARTICIPATE IN ORAL ARGUMENT**

---

Eric A. Shumsky
ORRICK, HERRINGTON & SUTCLIFFE LLP
Columbia Center
1152 15th Street, N.W.
Washington, D.C. 20005-1706
(202) 339-8400

I. Neel Chatterjee
Brian P. Goldman
Robert L. Uriarte
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
(650) 614-7400

*Counsel for Plaintiff-Appellee*

Amicus Curiae Electronic Frontier Foundation (EFF) has sought leave to participate in oral argument. Facebook does not object to EFF's participation. Facebook does object, however, to EFF's request that it be granted *additional* argument time rather than, as is customary and consistent with EFF's partisan role in the case, sharing argument time with the parties that it supports. Both sides of this case should receive equal time at oral argument.

EFF's position here is not that of a detached, neutral observer with a mere interest in an issue before the Court but not the outcome of the case. EFF filed its brief "in support of Defendants-Appellants," *see* Dkt. No. 22. And, to that end, it made a variety of fact-specific arguments aimed at overturning the judgment in this case. It argues that "there are disputed material facts about whether Power violated § 502 and the CFAA." *Id.* at 2. It asserts that "Facebook never demonstrated that Power's IP address was blocked at all." *Id.* at 3. It contends that "Power did nothing more than provide Facebook users with a way to control and access their own data." *Id.* at 10. It makes assertions about the *motivations* for the parties' conduct. *Id.* ("The IP blocking here was done for no reason other than Facebook did not approve of the way Power allowed Facebook users to access its own data."). It asserts that the messages sent by Power "were not 'materially misleading.'" *Id.* at 24. And so on.

EFF's motion for leave to participate in oral argument now rehashes its argument for overturning the judgment. Dkt. No. 58, at 1-3. This only reiterates the partisan nature of its arguments. By its own lights, it "offered alternative grounds for reversing the district court's decision" in favor of Facebook in this case. *Id.* at 1. If EFF participates at oral argument, Facebook will need to answer both Defendants' asserted grounds for reversal and EFF's "alternative grounds" for reversal.

Under Federal Rule of Appellate Procedure 29(g), an *amicus* may "participate in oral argument only with the court's permission." And the language of that rule is meant to reflect that "it is not unusual for a court to permit an amicus to argue *when a party is willing to share its argument time with the amicus.*" See Committee Notes to 1998 Amendments to Fed. R. App. P. 26(g) (emphasis added). Otherwise, however, an amicus will not be permitted to argue "absent extraordinary circumstances." *Id.* No such circumstances are present here.

Accordingly, if EFF is permitted to participate in oral argument, its argument time should be shared with Power Ventures and Vachani, who already have been allotted a generous 20 minutes of argument time. Alternatively, and at a minimum, if EFF is granted additional time for argument, Facebook should be granted equivalent additional time so that both sides of this case receive an equal hearing.

Respectfully submitted,

Dated: November 4, 2015          ORRICK, HERRINGTON & SUTCLIFFE LLP


                                 */s/ Eric A. Shumsky*
                                 Eric A. Shumsky
                                 Attorneys for Plaintiff-Appellee

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on November 4, 2015.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*/s/ Eric A. Shumsky*
Eric A. Shumsky
Attorneys for Plainitff-Appellee
