

ORRICK, HERRINGTON & SUTCLIFFE LLP
COLUMBIA CENTER
1152 15TH STREET, N.W.
WASHINGTON, D.C. 20005-1706

tel +1-202-339-8400
fax +1-202-339-8500
WWW.ORRICK.COM

December 4, 2015

Eric A. Shumsky
(202) 339-8464
eshumsky@orrick.com

*VIA ECF*

Molly C. Dwyer
Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

Re: Nos. 13-17102 & 13-17154, *Facebook, Inc. v. Power Ventures, Inc. & Steven Suraj Vachani*
Oral argument scheduled for December 9, 2015 (San Francisco)

Dear Ms. Dwyer:

    This letter responds to Defendant-Appellant Power Ventures' December 3, 2015, Rule 28(j) letter, citing a draft law review article that was posted online on May 3, 2015. *See* http://papers.ssrn.com/sol3/papers.cfm?abstract_id=2601707.

    Power relies on the article to contend that "access gained by bypassing … IP blocks should be considered 'authorized.'" Letter at 2. Whether or not that proposal reflects "normatively desirable norms that should govern Internet use," Article at 17, it is unmoored from the statutory text. This Court explained in *LVRC Holdings v. Brekka* that the term "authorization" means "permission or power granted by an authority." 581 F.3d 1127, 1133 (9th Cir. 2009). Access is thus "without authorization" when the authority "rescind[s] permission to access the computer and the defendant uses the computer anyway." *Id.* at 1135. An IP block can communicate that the defendant's permission has been rescinded. Here, it did. Defendants undisputedly knew that Facebook was using IP blocks to stop them from accessing Facebook's computers, and they intentionally bypassed those blocks to gain access anyway. Red Br. 19-25.



Molly C. Dwyer
December 4, 2015
Page 2

  Moreover, the article does not even address a scenario like this, in which the defendant has been told in writing, by the computer's owner, that its permission is rescinded. Acting in the face of such an "actual communication," *cf.* Model Penal Code § 221.2(2)(c) (notice requirements for criminal trespass), easily satisfies the requirement that the access be unauthorized and intentional.

  For that same reason, Power is wrong that its access was authorized because *users* gave Power "their own usernames and passwords." Letter at 2. The relevant "authority" under this trespass statute is the computer owner—Facebook. *See Brekka*, 581 F.3d at 1133 (the "authority" was the "employer," who owned the "company computer"). By analogy, an accountant entrusted with the key to her client's safe deposit box may be authorized by the client to access the box. But she still would be a trespasser if she entered the bank after *it* told her to keep off the premises; her client's authorization would not trump the bank's right to exclude.

  The article therefore does not assist the Court in deciding this case.

Sincerely,

*/s/ Eric A. Shumsky*

Eric A. Shumsky


cc: All counsel (via ECF)
   Steven Suraj Vachani (via ECF)